IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

HENRY RODRIGUEZ ANTONGIORGI,           *
et al.,                                *
                                       *
        Plaintiffs                     *
                                       *
vs.                                    *        CIVIL NO. 98-2336 (JP)
                                       *
CENTRO COMERCIAL PLAZA VEGA BAJA,      *
et al.,                                *
                                       *
        Defendants                     *
_____*

### O R D E R

Before the Court is Defendants' Urgent Motion to Exclude
Plaintiffs' Medical Records and Expert Witness, Dr. Boris Rojas,
Under Fed. R. Civ. P. 37(b)(2)(B) (**docket No. 39**); Plaintiffs'
Opposition thereto (docket No. 47); and Defendants' Reply (docket No.
50 ).  On July 6, 2000, the Court heard the arguments of the parties
on Defendants' motion during a hearing held in open court, in order
to determine the circumstances surrounding the discovery of
Plaintiffs' medical records and to resolve whether sanctions are
appropriate in light thereof.

Defendants argue that during the deposition of Plaintiffs'
expert, Dr. Boris Rojas, they learned for the first time of the
existence of various medical records of Plaintiffs which had never
been produced to Defendants.  Defendants move the Court to sanction
Plaintiffs by excluding Dr. Rojas and/or Plaintiffs' medical records.
Plaintiffs, on the other hand, assert that these documents were

AO 72A
(Rev.8/82)

CIVIL NO. 98-2336 (JP)                    2

produced to Defendants.  Further, Plaintiffs argue that pursuant to an Order issued by this Court, Defendants had authorization to request Plaintiffs' medical records and the names and addresses of Plaintiffs' medical providers, and thus only Defendants are to blame for failing to take the initiative to request those records.

Among those records which Defendants allege were never produced to them is a letter dated January 11, 2000 from the Social Security Administration, granting disability benefits to Rodríguez-Antongiorgi.  An attachment entitled "Summary Of Evidence," lists twelve medical reports, dating from September 16, 1997 to September 27, 1999, that were relied upon by the Social Security Administration in arriving at the determination of continuing disability.  These records are as follows: (1) R. Revello, M.D. 2/11/99-8/30/99; (2) Town & Country Hospital 4/8/99-4/27/99; (3) Ernest Rehnke, M.D. 3/18/99-8/5/99; (4) James R. Bradley, M.D. 6/3/99; (5) James A. Haley Veterans Administration Hospital 1/15/99-9/27/99; (6) John C. Dormois, M.D. 3/10/99 - 3/24/99; (7) Edward White Hospital 7/20/99 - 7/26/99; (8) Felker Chiropractic Clinic 5/21/99; (9) CT Radiology Complex 7/3/97; (10) Ernesto Nieto, M.D. 3/24/99 - 4/30/99; (11) Doctor's Hospital of Laredo 7/30/98; and (12) Lackland AFB Hospital 7/16/97.  Defendants argue that none of the twelve medical reports were produced to them, despite requests for the production of Plaintiffs' complete medical records and two Court Orders compelling

CIVIL NO. 98-2336 (JP)              3

production of the same.

Under Rule 37(b)(2) of the Federal Rules of Civil Procedure, a party may be sanctioned by the Court for a failure to "obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2). When a party fails to cooperate with a discovery order of the district court, the court "may make such orders in regard to the failure as are just, and among others the following: . . . [a]n order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence . . . ." Fed. R. Civ. P. 37(b)(2)(B). Under this Rule, the district court has "a broad discretion to make whatever disposition is just in the light of the facts of the particular case." Navarro de Cosme v. Hospital Pavia, 922 F.2d 926, 932 (1st Cir. 1991) (quoting 8 C. Wright & A. Miller, Federal Practice and Procedure § 2289 (1970)); see also Jackson v. Harvard Univ., 900 F.2d 464, 469 (1st Cir.), cert. denied, 498 U.S. 848 (1990); Marquis Theatre Corp. v. Condado Mini Cinema, 846 F.2d 86, 90 (1st Cir. 1988). As described by the First Circuit in R.W. Int'l Corp. v. Welch Foods, Inc., 937 F.2d 11 (1st Cir. 1991), "[t]he taxonomy of Rule 37 is progressive. If an order to answer is issued under Rule 37(a), and then disobeyed, Rule 37(b)(2) comes into play, authorizing the trial court to impose further sanctions, including the ultimate sanction of dismissal." R.W. Int'l Corp., 937 F.2d at

CIVIL NO. 98-2336 (JP)                4

15; <u>Somascan v. Siemens</u>, 187 F.R.D. 34, 44 (D. Puerto Rico 1999) (Pieras, J.).  In determining whether a witness should be excluded under Rule 37, the Court must consider whether the discovery violation was willful.  <u>See Yang v. Brown Univ.</u>, 149 F.R.D. 440, 443 (D.R.I. 1993); <u>Jackson</u>, 900 F.2d at 469.

Here, the Court entered an Order on May 17, 1999 compelling Plaintiffs to "provide Defendants with copies of <u>all</u> Rodríguez's medical records . . . ." (emphasis in the original).  Thereafter, in view that the parties were encountering difficulties in obtaining Rodríguez-Antongiorgi's complete medical records, the Court issued an Order on November 29, 1999 directing twenty-five physicians and medical centers to release Plaintiffs' medical records to counsel for Plaintiffs and/or counsel Defendants upon request.  Of the twelve medical records listed in the SSA letter, five are not listed in the November 29, 1999 Order (Dr. Rehnke, Dr. Dormois, Edward White Hospital, CT Radiology Complex, and Doctor's Hospital of Laredo).  On January 14, 2000, the Court again ordered that "On or before February 15, 2000, Plaintiff SHALL produce to Defendants a complete copy of the medical records of Plaintiff in its possession, and shall so certify to the Court by motion."  The Court continued the pre-trial and trial dates in order to give the parties more time to obtain these records.

CIVIL NO. 98-2336 (JP)                5

Plaintiffs argue that they sought, obtained, and produced to Defendants the documents listed in the November 29, 1999 Order. The only evidence of their alleged production, however, is a letter dated February 15, 2000 from counsel for Plaintiffs to counsel for Defendants stating:

> Pursuant to the Court Order entered by Judge Pieras, I attached hereto a copy fo the new medical evidence received on plaintiff Rodríguez, in response to the Court subpoena. These records supplement those already produced.

> I once again request that you copy me with the records you obtain through the Court subpoena, so that we may corroborate that we have Mr. Rodríguez' complete record.

The letter, however, does not enumerate what records Plaintiffs sent to Defendants and thus it is unclear what records, if any, were allegedly provided to Defendants with this letter. And Plaintiffs never certified to the Court by motion the production of any medical records, pursuant to the Court's January 14, 2000 Order. Defendants claim never to have received the February 15, 2000 letter or any new medical records pursuant thereto. Under these circumstances, the Court concludes that Plaintiffs failed to comply with the Court's Orders of May 14, 1999 and January 14, 2000 to produce the complete medical records at issue. The production of these records is of utmost importance, as the key issue in this case is whether Rodríguez-Antongiorgi suffered an aggravation of a pre-existing back condition as a result of Defendants' negligence. Without the complete records, Defendants find themselves prejudiced in defending

CIVIL NO. 98-2336 (JP)                    6

their position that Plaintiff's present back condition has other
causal links.

Plaintiffs also argue that because Defendants could have
requested the documents themselves, the fact that Plaintiffs did not
produce certain records obtained through their own efforts does not
provide any grounds for sanctions.  Plaintiffs' argument in this
regard contradicts their assertion that all of Rodríguez-
Antongiorgi's medical records were produced on February 15, 2000.
In any event, the Court's November 29, 1999 Order does not relieve
Plaintiffs of their burden to produce to Defendants relevant
documents in their possession, when the same were both requested by
Defendants and ordered to be produced by the Court on May 17, 1999.
The fact that the November 29, 1999 Order authorized Defendants to
request certain documents does not translate into a shifting of the
burden of discovery to Defendants.  See Morris v. Snappy Car Rental,
Inc., 151 F.R.D. 17, 19 (D.R.I. 1993) (plaintiff's failure to produce
medical records notwithstanding execution of a release for defendant
to obtain records constituted a discovery violation).  Moreover, five
of the twelve physicians and medical facilities listed in the Social
Security Administration letter were not among those listed in the
November 29, 1999 Order, and thus were inaccessible to Defendants.

Thus, the Court finds that Plaintiffs have engaged in
intentional discovery violations by failing to produce to Defendants

CIVIL NO. 98-2336 (JP)            7

medical records in their possession that this Court ordered produced

on <u>two</u> <u>occasions</u>.  In particular, Plaintiffs' failure to produce to

Defendants the Social Security Administration letter of January 11,

2000; two reports dated April 5, 1999 by Mary Ellen Shriver, M.D.;

and two reports by Ernesto Nieto, M.D., dated March 19, 1999 and

April 30, 1999, have prejudiced Defendants' ability to prepare for

trial.  Defendants' expert was unable to render his report with the

advantage of Rodríguez-Antongiorgi's complete medical record,

including the reports of Drs. Shriver and Nieto, which lend support

to Defendants' theory that the accident at issue did not cause

Plaintiff's present back condition.  Moreover, Defendants were unable

to depose Drs. Shriver and Nieto in preparation for trial and have

the benefit of their testimony.  Given that Defendants have been

prejudiced by Plaintiffs' non-production of relevant medical records,

and the Court finds that sanctions are warranted.

The Court hereby **RESOLVES** that as sanction for Plaintiffs'

discovery violation, the jury will be instructed that Plaintiffs

failed to produce to Defendants the Social Security Administration

letter of January 11, 2000 and records listed therein; the two

reports of Dr. Mary Ellen Shriver, both dated April 5, 1999; and the

March 19, 1999 and April 30, 1999 reports of Dr. Ernesto Nieto, and

that as a result of this non-production, the jury shall make the

inference that the information contained therein works <u>against</u>

AO 72A
(Rev.8/82)

CIVIL NO. 98-2336 (JP)                8

Plaintiffs' allegation that there is a causal relationship between Rodríguez-Antongiorgi's back condition and Defendants' negligence. Further, the Court hereby **ORDERS** that Dr. Boris Rojas may not, in his testimony, rely on or refer to the Social Security Administration letter of January 11, 2000 and records listed therein; the two reports of Dr. Mary Ellen Shriver, both dated April 5, 1999; or the March 19, 1999 and April 30, 1999 reports of Dr. Ernesto Nieto.

    **IT IS SO ORDERED**.

    In San Juan, Puerto Rico, this 7th day of July, 2000.

                       JAIME PIERAS, JR.
                  U.S. SENIOR DISTRICT JUDGE

s/c: J Aguait
    H. Vicente

JUL 1 3 2000